IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEANTE K. CLAY, (TDCJ-CID #01917341) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-19-3937 |
| FREEBIRD PUBLISHERS, *et al.*, Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

Deante K. Clay, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in August 2019, alleging civil rights violations resulting from a denial of due process. Clay, proceeding pro se and in forma pauperis, sues Freebird Publishers and Diane (lnu) from Freebird Publishers.

The threshold issue is whether Clay's claims should be dismissed as frivolous.

**I.      Clay's Allegations**

Clay states that he entered into a contract with the defendants to publish his book, FROM RAGS TO PRISONS, THE UNITED STATE OF BLACK AMERICA. He complains that in December 2019, the defendants removed the book from the online retail website, Amazon.com.

Clay asserts that the defendants engaged in tortious interference with his contractual agreement with Amazon.

Clay seeks an injunction compelling the defendants to provide Clay with the Amazon.com login information and all digital files. Clay seeks compensatory damages of $900,000.00;

O:\RAO\VDG\2019\19-3937.b01.wpd

compensatory damages resulting from economic distress of $900,000.00; and punitive damages of $900,000.00.

## II. Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. Analysis

A cause of action under 42 U.S.C. § 1983 requires a showing that Clay has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979).

Generally, nothing in the language of the Due Process Clause requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston,* 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195 (1989)). The Due Process Clause confers protection to the general public against unwarranted governmental interference, but it does not confer an entitlement to governmental aid as may be necessary to realize the advantages of liberty guaranteed by the Clause. *Walton v. Alexander,* 44 F.3d 1297, 1302 (5th Cir. 1995)(en banc).

The actions of private actors such as the named defendants do not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Clay has failed to demonstrate that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Clay's claims against Freebird Publishers and Diane are DISMISSED as frivolous.

Alternatively, the Fourteenth Amendment of the Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35. The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers*, 97 F.3d at 94.

Texas law provides Plaintiff with available post-deprivation remedies. Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. – San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there

is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Clay has made neither of the required showings. His claim against the defendants lacks an arguable basis in law.

## IV. Pendent State Claims

"[A] federal court should consider and weigh in each case, and *at every stage of the litigation,* the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). The Supreme Court has instructed that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed [or remanded] as well." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The district court has discretion to dismiss pendent state law claims, and may decline to exercise supplemental jurisdiction over such claims where it has dismissed claims over which it had original jurisdiction. *St. Germain v. Howard,* 556 F.3d 261, 363-64 (5th Cir. 2009) (citing 28 U.S.C. § 1367(c)). Because the Court has dismissed Clay's section 1983 claims, the Court declines to exercise supplemental jurisdiction over the claims he asserts based on state law. Generally, when all federal claims have been dismissed, a district court should dismiss any pendent state law claims without prejudice so that the plaintiff may re-file his claims in the appropriate state court. *Wong v. Stripling,* 881 F.2d 200,

204 (5th Cir. 1989). Clay's pendent state law claims are DISMISSED without prejudice.

## V. Conclusion

The action filed by Deante K. Clay (TDCJ-CID Inmate #01917341) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Clay's motion to proceed in forma pauperis, (Docket Entry No. 9), is GRANTED *nunc pro tunc*. Clay's motion to withdraw petition, (Docket Entry No. 8), is DENIED as moot. Clay's motion to amend complaint, (Docket Entry No. 10), is GRANTED. Any remaining pending motions are DENIED as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Clay's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on Jan 31, 2020.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE